UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ERIN COLLEEN SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-CV-361-HBG |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 18]. Now before the Court is Plaintiff's Motion for Judgement on the Pleadings and Memorandum in Support [Docs. 19 & 20] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 21 & 22]. Erin Colleen Sullivan ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). For the reasons that follow, the Court will **DENY** Plaintiff's motion and **GRANT** the Commissioner's motion.

**I.     PROCEDURAL HISTORY**

On July 16, 2013, Plaintiff filed an application for disability insurance benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, claiming a period of disability that began December 16, 2009. [Tr. 37, 112-13]. After her application was denied initially and upon

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

reconsideration, Plaintiff requested a hearing before an ALJ. [Tr. 67]. A hearing was held on April 23, 2015. [Tr. 23-41]. On May 27, 2015, the ALJ found that Plaintiff was not disabled. [Tr. 11-18]. The Appeals Council denied Plaintiff's request for review [Tr. 2-4], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on December 6, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since July 16, 2013, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following medically determinable impairments: complex regional pain syndrome of the lower extremity; degenerative disc disease; arthritis; migraines; obesity; depression; and anxiety (20 CFR 416.921 *et seq*.).
>
> 3. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments. (20 CFR 416.921 *et seq*.).
>
> 4. The claimant has not been under a disability, as defined in the Social Security Act, since July 16, 2013, the date the application was filed (20 CFR 416.920(c)).

[Tr. 13-17].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled

pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV. DISABILITY ELIGIBILITY

"Disability" is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."

3

42 U.S.C. § 1382c(a)(3)(A). A claimant will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V. ANALYSIS

Plaintiff argues that the ALJ erred at step two when he concluded that Plaintiff's Complex Regional Pain Syndrome ("CRPS")[2] of the lower extremity is not a severe impairment. [Doc 20 at 8-9]. Plaintiff contends that the ALJ's consideration of the opinion of treating physician Wendy Gray, M.D., and Plaintiff's credibility was also erroneous and further undermines the ALJ's step two finding. [*Id.* at 9-14].

At step two, "the ALJ must find that the claimant has a severe impairment or impairments" to be found disabled. *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88 (6th Cir. 1985). To be severe, an impairment or combination of impairments must "significantly limit[] your physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). Step two has been described as "a *de minimis* hurdle" in that "an impairment will be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs v. Brown*, 880 F.2d 860, 862 (6th Cir. 1988) (citing *Farris*, 773 F.2d at 90). "The mere diagnosis of [an ailment] . . . says nothing about the severity of the condition." *Id.* at 863. Rather, the claimant must "produce or point to *some* evidence that indicates that an alleged impairment impacts his ability to perform basic work activities." *Johnson v. Astrue*, No. 3:09-CV-317, 2010 WL 2803579, at *5 (E.D. Tenn. June 30, 2010), *adopted by*, No. 3:09-CV-317, 2010 WL 2836137 (E.D. Tenn. July 15, 2010) (emphasis in the original).

---

[2] CRPS, also known as Reflux Sympathetic Dystrophy Syndrome, is a unique clinical syndrome that typically develops following trauma to a bone or soft tissue and is characterized by complaints of intense pain and signs of autonomic dysfunction. Soc. Sec. Rul. 03-2P, 2003 WL22399117, at *1 (Oct. 20, 2003). "It is characteristic of this syndrome that the degree of pain reported is out of proportion to the severity of the injury sustained by the individual." *Id.*

Plaintiff was diagnosed with CRPS following an incident in December 2009 when she rolled her ankle. [Tr. 304, 486, 509]. Plaintiff's injury has necessitated numerous treatment for complaints of pain. Specifically, Plaintiff received lumbar nerve blocks and epidural injections between May 2010 and February 2011 [Tr. 407-56], a battery nerve stimulator in August 2011 [Tr. 233], and two spinal cord simulator leads installed for a trial period in September 2014 [Tr. 564-69]. During the relevant period under review and up until her September 2014 trial spinal cord stimulator, Plaintiff's pain control varied. Plaintiff experienced periods of improvement where her pain appeared well-managed and she was able to continue attending her college classes [Tr. 310, 403-05], and periods where Plaintiff complained that her medication was not working and reported uncontrolled pain, generalized achiness and feeling ill, and instances of migraines that improved with medication [Tr. 371-73, 379-82, 402, 464, 466, 468].

In December 2014, however, Plaintiff reported improvement following her September 2014 trial spinal cord stimulator. [Tr. 542]. Specifically, Plaintiff reported greater than 50% pain relief. [*Id.*]. As a result, Plaintiff underwent surgery for a permanent spinal cord stimulator with paddle leads and an implantable pulse generator in December 2014. [Tr. 540, 546-47]. Two days post-operative, Plaintiff reported that her pain was well controlled, neurologically she remained stable, and she ambulated well without assistance. [Tr. 541].

The record includes opinions from non-examining state agency physicians, as well as an undated opinion by Plaintiff's treating physician, Dr. Gray. As to the opinions of the state agency physicians, Carol Lemeh, M.D., reviewed Plaintiff's medical records in September 2013 at the initial level of the administrative proceedings and determined that Plaintiff's impairment was severe but the physical evidence on file was insufficient to assess the severity of Plaintiff's functioning, and that a comprehensive musculoskeletal examination was recommended to

6

adequately assess Plaintiff's claim of disability. [Tr. 46]. At the reconsideration level in January 2014, a second state agency physician, Frank Pennington, M.D., reviewed Plaintiff's medical records and found Plaintiff's impairment was non-severe but agreed with Dr. Lemeh that there was insufficient evidence to assess Plaintiff's functioning. [Tr. 55, 57]. Dr. Pennington explained that agency forms regarding work history and activities of daily living were sent to Plaintiff in December 2013 but never returned despite several attempts by the agency to contact Plaintiff and a third party. [Tr. 55-56]. Because Plaintiff failed to cooperate with requests for additional evidence, Dr. Pennington concluded that a consultative examination was no longer required and there was insufficient evidence to support Plaintiff's claim of disability. [*Id.*].

With regard to Dr. Gray's opinion, Dr. Gray expressed that Plaintiff's CRPS significantly impaired her range of motion in her right leg, including her ankle, knee, and hip joints. [Tr. 462]. In addition, Plaintiff was described as having marked increase in pain of the right leg with weight bearing and difficulty balancing, necessitating the use of a cane. [*Id.*]. Dr. Gray explained that despite treatment consisting of pain medication, nerve blocks, TENS units, a sciatic nerve stimulator, and physical therapy, Plaintiff's pain response had been inadequate, and she would likely continue with this lifelong "disability" unless future treatment, such as a nerve ablation, was successful. [*Id.*].

Although Dr. Gray's opinion is undated, the record suggests that it predates Plaintiff's September 2014 spinal cord stimulator trial and subsequent surgery as Dr. Gray discussed all of Plaintiff's treatment except her implantation. [*Id.*]. In addition, Dr. Gray commented that Plaintiff's "disability" may be chronic unless future treatment, such as a nerve ablation, was successful, and that Plaintiff "is consulting a neurosurgeon for a medical treatment of that nature." [*Id.*]. Moreover, the last treatment note of record with Dr. Gray is dated May 13, 2014. [Tr. 463].

In the disability determination, the ALJ discussed Plaintiff's history of CRPS, beginning in 2009 when Plaintiff sustained her ankle injury, through December 2014, when Plaintiff underwent surgery for placement of a permanent spinal cord stimulator. [Tr. 15]. Based on the instances in which Plaintiff reported her pain was controlled with her medication regimen and a successful spinal cord stimulator trial and permanent implantation, the ALJ concluded the Plaintiff's CRPS was not severe. [Tr. 15, 17]. In reaching this conclusion, the ALJ considered the opinion evidence of record. [Tr. 16-17]. As to the state agency physicians, the ALJ agreed with their assessment that the record contained insufficient functional information, and therefore, Plaintiff did not have a severe impairment or combination of impairments. [*Id.*]. The ALJ also considered Dr. Gray's opinion, noting that she opined that Plaintiff's CRPS rendered her disabled and that her impairment was likely a lifelong condition unless future treatment was successful. [Tr. 16]. The ALJ determined that Dr. Gray's opinion was an administrate finding reserved to the Commissioner. [*Id.*].

Plaintiff avers that her testimony regarding the pain caused by her CRPS, her medical history and treatment, and Dr. Gray's opinion demonstrate that her impairment passes the *de minimis* hurdle. [Doc. 20 at 8-9]. The Court finds that Plaintiff's own interpretation of the evidence is insufficient to undermine the ALJ's decision. The medical evidence demonstrates that the severity of Plaintiff's CRPS is, at best, unclear as the medical evidence demonstrates various instances in which Plaintiff reported doing well and instances in which her pain was unmanageable. Although Plaintiff testified that her spinal cord stimulator did not improve her pain, medical records reveal that her trial period provided a 50% reduction in pain, and Plaintiff reported doing well immediately following surgery for permanent implantation. Notably, no further treatment records were submitted to substantiate Plaintiff's allegations that her pain did not

8

improve thereafter. Thus, the record presents a conflict in the evidence as to the severity of the Plaintiff's CRPS, and the regulations promulgated by the Commissioner tasks the ALJ, alone, with resolving such conflicts. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984) ("This Court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.") (citation omitted).

The ALJ, of course, did not rely on his own lay interpretation of the medical evidence but relied on the opinions of Dr. Lemeh and Dr. Pennington. Their opinions provide substantial evidence in which the ALJ could rely upon in determining that Plaintiff's CRPS was not a severe impairment. *See* 20 C.F.R. § 416.927(e)(2)(i) (State agency medical physicians "are highly qualified physicians . . . who are also experts in Social Security disability evaluation."); Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *3 (1996) ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

Plaintiff suggests that their observations that Plaintiff failed to return appropriate forms are insufficient to overcome a showing that Plaintiff's CRPS is a severe impairment. [Doc. 20 at 11-12]. However, Plaintiff bears the burden at step two and her failure to supply requested information was appropriately considered. *See* 20 C.F.R. § 416.916 ("When you fail to cooperate with us in obtaining evidence, we will have to make a decision based on information available in your case."); *see also Program Operations Manual System* DI. 23007.005, http://policy.ssa.gov/poms.nsf/lnx/0423007005 (last visited March 13, 2018) ("If the claimant fails to cooperate [with requests to the claimant for evidence], you may discontinue development that requires claimant action (e.g., consultative examinations and claimant forms completion). You must . . . make a disability determination based on the evidence in file.").

Plaintiff additionally argues that Dr. Gray offered more than a conclusory opinion that Plaintiff's CRPS is disabling, as found by the ALJ, but provided a detailed description of the Plaintiff's impairment and the pain and limitations she suffers as a result. [Doc. 20 at 9-11]. The Court observes that "[m]edical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2). Statements that a claimant is "disabled" or "unable to work," however, are not considered medical opinions but are findings on issues reserved to the Commissioner. § 416.927(d)(1). A medical opinion from a treating source generally enjoys controlling weight when it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 416.927(c). When an ALJ does not give a treating source opinion controlling weight, the ALJ must always give "good reasons" for the weight assigned, taking into consideration the length of treatment, frequency of examination, the nature and extent of the treatment relationship, the amount of relevant evidence that supports the opinion, the opinion's consistency with the record as a whole, the specialization of the source, and other factors which tend to support or contradict the opinion. 20 C.F.R. § 416.927(c)(1)-(6).

The Court finds that Dr. Gray's opinion is a medical opinion as she offered more than a conclusory statement that Plaintiff's CRPS is disabling and unlikely to change. Specifically, Dr. Gray explained that Plaintiff's impairment significantly impeded her range of motion in her right leg joints, and that her pain increased with weighting bearing on the right leg and produced balance difficulties. Therefore, the ALJ erred in not weighing the remaining portions of Dr. Gray's opinion and providing "good reasons" for the weight assigned. *See* 20 C.F.R. § 416.927(c).

While the Sixth Circuit has instructed that courts should not hesitate to remand a case when an ALJ fails to adhere to the treating physician rule, *Wilson*, 378 F.3d at 545, remand is not necessary if violation of the "good reason" rule is harmless, *Cole*, 661 F.3d at 940. Error is harmless when:

> (1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527[(c)](2) . . . even though she has not complied with the terms of the regulation.

*Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (citation omitted). "In the last of these circumstances, the procedural protections at the heart of the rule may be met when the 'supportability' of a doctor's opinion, or its consistency with other evidence in the record, is indirectly attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments." *Id.* (citing *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470–72 (6th Cir.2006).

In the present matter, the Court finds that the ALJ's decision indirectly attacked the supportability and consistency of Dr. Gray's opinion. Dr. Gray opined that the Plaintiff's range of motion in her right leg was significantly impaired, yet Dr. Gray's treatment notes do not notate any instances of diminished range of motion. [Tr. 464-69]. As the ALJ observed, only a single treatment note from Plaintiff's family practitioner from November 2013 noted that Plaintiff exhibited limited range of motion in her right lower extremity. [Tr. 15, 373]. Plaintiff has not cited to any examination findings to support Dr. Gray's opinion. Moreover, Dr. Gray noted balance issues necessitated the need for a cane. However, as also pointed out by the ALJ, Dr. Gray noted on several occasions that Plaintiff ambulated without assistance. [Tr. 15, 464-65, 467].

11

Additionally, the ALJ found that Plaintiff's trial spinal cord stimulator was successful, and Plaintiff ambulated without assistance following surgery. [Tr. 15, 541-42]. Finally, the ALJ deferred to the opinions of Dr. Lemeh and Dr. Pennington, which opinions conflict with Dr. Gray's finding that Plaintiff's CRPS is disabling. Accordingly, the Court finds that the ALJ's decision satisfies the rare scenario where an ALJ's analysis of other medical opinions and evidence indirectly attacks both the consistency and supportability of Plaintiff's treating physician.

Lastly, Plaintiff argues that the ALJ's step two finding is undermined by the ALJ's failure to properly consider Plaintiff's subjective allegations. [Doc. 20 at 12]. In this regard, Plaintiff submits that her testimony regarding pain is consistent with the medical evidence of record. [*Id.*]. "[C]redibility determinations with respect to subjective complaints of pain rest with the ALJ." *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). Because the medical evidence does not support that Plaintiff's CRPS is a severe impairment, the Court finds that the ALJ did not err in finding Plaintiff's testimony less than fully credible.

## VI. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Judgement on the Pleadings [**Doc. 19**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 21**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

United States Magistrate Judge